RACHELE R. RICKERT (190634)
MARISA C. LIVESAY (223247)
BRITTANY N. DEJONG (258766)
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599
rickert@whafh.com
livesay@whafh.com
dejong@whafh.com

JANINE POLLACK
MICHAEL M. LISKOW (243889)
CORREY A. KAMIN
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel : (212) 545-4600
Fax : (212) 686-0114
pollack@whafh.com
liskow@whafh.com
kamin@whafh.com

BARNOW AND ASSOCIATES, P.C.
BEN BARNOW
ERICH P. SCHORK
JEFFREY D. BLAKE
ANTHONY L. PARKHILL
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
j.blake@barnowlaw.com
aparkhill@barnowlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM A. SHIRLEY, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| L.L. BEAN, INC., a Maine corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff William A. Shirley ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to facts pertaining to himself and on information and belief as to all other matters, by and through his undersigned counsel, brings this class action complaint against defendant L.L. Bean, Inc. ("L.L. Bean" or "Defendant").

## NATURE OF THE ACTION

1. Since 1912, L.L. Bean has sought and earned the trust and respect of its customers by providing a "100% Satisfaction Guarantee," pursuant to which it has promised to exchange or replace items if a customer determined that the item was not "completely satisfactory" (the "Guarantee"). This highly publicized and widely known Guarantee has, for decades, been part of the benefit of the bargain for purchasers of L.L. Bean products. L.L. Bean's Guarantee has become almost entirely intertwined with the L.L. Bean brand.

2. On February 9, 2018, L.L. Bean rescinded the Guarantee and announced significant limitations.

3. In a February 9, 2018 letter from L.L. Bean Executive Chairman Shawn O. Gorman, posted on L.L. Bean's Facebook page (and e-mailed to some previous customers including Plaintiff), L.L. Bean announced it had "updated" its Guarantee. In a marked shift from the decades-old Guarantee, the new terms require proof of purchase for all returns, in addition to excluding from coverage completely returns where L.L. Bean determines certain "Special Conditions" apply, including products damaged by "misuse," "improper care," and "excessive wear and tear." The Guarantee of "complete satisfaction," bargained and paid for by loyal customers for years, has been suddenly and unilaterally withdrawn by L.L. Bean.

4. As a result of L.L. Bean's deceptive and unfair repudiation of its Guarantee and violation of the Magnuson-Moss Warranty Act and other laws, Plaintiff and all other L.L. Bean customers who bought products before February 9, 2018, did not receive what they bargained for.

5. Plaintiff brings this action on behalf of himself and all others similarly situated to recover the lost benefit of the bargain attributable to L.L. Bean's repudiation of its warranty, or in the alternative, to require L.L. Bean to honor the terms of its warranty that was the basis of the

CLASS ACTION COMPLAINT

bargain, and a declaration that:  (1) L.L. Bean's February 9, 2018 announcement that it would no longer honor the Guarantee with no end date or questions asked constitutes a violation of the law and a breach of warranty; (2) L.L. Bean must continue to honor the warranty with no end date and no questions asked as to goods purchased prior to February 9, 2018; and (3) L.L. Bean must provide the best notice practicable under the circumstances designed to reach past and future L.L. Bean customers and corrective advertising regarding the changes to its warranty.

## JURISDICTION AND VENUE

6.       This Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, at least one member of the proposed Classes (defined below) is of diverse citizenship from L.L. Bean, the proposed Classes include more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

7.       Venue is proper in this District under 28 U.S.C. § 1391 because L.L. Bean engaged in substantial conduct relevant to Plaintiff's claims within this District and has caused harm to members of the proposed Classes residing within this District.

## PARTIES

8.       Plaintiff William A. Shirley is a resident of Berkeley, California. Plaintiff has purchased numerous items from L.L. Bean's website, as recently as November of 2017. The L.L. Bean Guarantee, which would allow him to return his purchases at any time if he was not completely satisfied, was part of the basis of Plaintiff's bargain with L.L. Bean. Given the Company's sudden reversal of its long-standing Guarantee, however, Plaintiff has been injured and has been deprived of the benefit that formed a basis of the bargain between him and L.L. Bean

9.       Defendant L.L. Bean is a Maine corporation headquartered in Freeport, Maine.

## FACTUAL ALLEGATIONS

10.       L.L. Bean was founded in 1912 by Leon Leonwood (L.L.) Bean and, under the leadership of his grandson, Leon Gorman, was eventually transformed into a globally recognized brand of outdoor clothing and equipment.  L.L. Bean opened its first retail store in Freeport,

Maine in 1917 and now operates at least 30 domestic retail stores outside of Maine—as far south as Virginia and as far west as Colorado—as well as 10 outlets.  L.L. Bean opened its first international retail store in Tokyo in 1992, and currently operates approximately 25 stores and outlets in Japan. In 1995, L.L. Bean launched its website, which serves over 200 countries and territories. L.L. Bean also mails catalogs to customers in every state and over 150 countries.

11.    L.L. Bean has long maintained a reputation for outstanding customer service, both among its customers and throughout the retail industry. This positive reputation (and consequent revenue) was largely founded on L.L. Bean's comprehensive Guarantee that, until recently, read as follows:

> Easy Returns & Exchanges
>
> We make pieces that last, and if they don't, we want to know about it. L.L. himself always said that he "didn't consider a sale complete until goods are worn out and the customer still satisfied." Our guarantee is a handshake – a promise that we'll be fair to each other. So if something's not working or fitting or standing up to its task or lasting as long as you think it should, we'll take it back. We want to make sure we keep our guarantee the way it's always been for over a century. [1]

12.    Commenting on the Guarantee in August 2016, an L.L. Bean spokesperson told Business Insider that the "vast majority" of customers adhere to the original intent of the Guarantee:

> Our guarantee is not a liability, but rather a customer service asset – an unacknowledged agreement between us and the customer, that always puts the customer first and relies on the goodwill of our customers to honor the original intent of the guarantee.[2]

---

[1]    This quote has been copied from an Internet archive of L.L. Bean's website as it appeared in November 2016.  *See* Easy Returns & Exchanges, L.L. BEAN, https://web.archive.org/web/20161128235134/https://www.llbean.com/llb/shop/510624?page=returns-and-exchanges (last visited May 4, 2018).

[2]    Dennis Green, *L.L. Bean is considering dropping its legendary return policy because of 'fraudulent returns,'* BUSINESS INSIDER (Feb. 10, 2017), http://www.businessinsider.com/ll-bean-is-considering-dropping-its-return-policy-2017-2 (last visited May 4, 2018).

1     13.     In addition to serving as a "customer service asset," the Guarantee provided L.L.

2  Bean with a tremendous amount of marketing material, both in-store[3] and on its website.[4]



[3] *See, e.g.,* Anna Maconachy, *Photos: L.L. Bean Opens in Columbus*, COLUMBUS UNDERGROUND (Nov. 20, 2015), http://www.columbusunderground.com/l-l-bean-columbus-am1_ (last visited May 4, 2018).

[4] *See, e.g.,* screenshot of L.L. Bean return policy, as of December 2017, available at https://web.archive.org/web/20130516210231/http://www.llbean.com:80/customerService/about LLBean/guaranteed_popup.html (last visited May 4, 2018).

1  14.   For years, L.L. Bean catalogs also proudly touted L.L. Bean's purportedly "rock-
2  solid" 100% Satisfaction Guarantee:
3
4
5
6
7
8
9
10
11
12
13
14  
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

15.     The cover of the Christmas 2013 catalog, for example, promised that the 100% satisfaction Guarantee had "No Conditions" and "No End Date."

CLASS ACTION COMPLAINT

16.     The Guarantee also implicitly and explicitly represented to customers that L.L. Bean's products were well-made and remarkably long-lasting.



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17.    The Spring 2015 issue of L.L. Bean Fishing promised: "At L.L. Bean, your satisfaction doesn't have a time limit."



CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.    On February 9, 2018, however, time suddenly ran out on L.L. Bean's promise of 100% satisfaction. In a statement posted on the L.L. Bean Facebook page (and e-mailed to some customers including Plaintiff), L.L. Bean's Executive Chairman announced that, effective immediately, "[c]ustomers will have one year after purchasing an item to return it, accompanied by proof of purchase."

**L.L.Bean** ✔
February 9 at 6:33am · 🌐

A Letter to Our Customers,

Since 1912, our mission has been to sell high-quality products that inspire and enable people to enjoy the outdoors. Our commitment to customer service has earned us your trust and respect, as has our guarantee, which ensures that we stand behind everything we sell.

Increasingly, a small, but growing number of customers has been interpreting our guarantee well beyond its original intent. Some view it as a lifetime product replacement program, expecting refunds for heavily worn products used over many years. Others seek refunds for products that have been purchased through third parties, such as at yard sales.

Based on these experiences, we have updated our policy. Customers will have one year after purchasing an item to return it, accompanied by proof of purchase. After one year, we will work with our customers to reach a fair solution if a product is defective in any way.

This update adds clarity to our policy and will only affect a small percentage of returns. It will also ensure we can continue to honor one of the best guarantees in retail, with no impact for the vast majority of our customers. To learn more, please view our full return policy at llbean.com.

L.L.Bean has stood for quality, service, trust, and getting people outdoors ever since my great-grandfather founded our company over 100 years ago - and that will never change. Thank you for being a loyal customer and we look forward to continuing to inspire and enable you to Be an Outsider.

Sincerely,
Shawn O. Gorman
L.L.Bean Executive Chairman

8.6K Likes   3.5K Comments   2.2K Shares

CLASS ACTION COMPLAINT

19.     The return policy on the L.L. Bean's website was then changed to read:

If you are not 100% satisfied with one of our products, you may return it within one year of purchase for a refund. After one year, we will consider any items for return that are defective due to materials or craftsmanship.

We require proof of purchase to honor a refund or exchange. If you provide us your information when you check out, we will typically have a record of your purchase. Otherwise, we require a physical receipt.

Please include your proof of purchase with the products you wish to return or exchange and bring it with you to any of our stores, or include it in your package of returned item(s). We will reimburse the original purchase price to either your original method of payment or as a merchandise credit.

**Special Conditions**
To protect all our customers and make sure that we handle every return or exchange with reasonable fairness, we cannot accept a return or exchange (even within one year of purchase) in certain situations, including:

- Products damaged by misuse, abuse, improper care or negligence, or accidents (including pet damage)
- Products showing excessive wear and tear
- Products lost or damaged due to fire, flood, or natural disaster
- Products with a missing label or label that has been defaced
- Products returned for personal reasons unrelated to product performance or satisfaction
- Products that have been soiled or contaminated, until they have been properly cleaned
- Returns on ammunition either in our stores or through the mail
- On rare occasions, past habitual abuse of our Return Policy[5]

20.     The dramatic change in the Guarantee has caused an outcry among L.L. Bean's customers, with many angrily arguing that the changes are too restrictive and others declaring that they will no longer shop at L.L. Bean.

21.     Customers who have had warranty returns of purchases made prior to February 9, 2018, improperly denied by L.L. Bean have taken to social media to express their displeasure:

---

[5]     L.L. Bean Returns and Exchanges webpage as of February 10, 2018, available at https://web.archive.org/web/20180210234829/ https://www.llbean.com/llb/shop/510624?page=returns-and-exchanges (last visited May 4, 2018).

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I was just denied my return of the same storm chasers boots on the phone with the manager at the danbury fair ct location they didn't even see the product they looked up my information & because I returned them a few times before for the same issue they refuse to exchange them out for a better quality boot. they are supposed to be water water proof but completely soak my socks I have 2 pairs. They didn't even look at the boots in person. The manager was was mean & telling as of yesterday the new policy took affect & there is nothing we can do if I came thursday they would've replaced them!! What kind of company is LL Bean to treat ppl this way & They clearly stated that after 1 year they would still accept defective items But their associates clearly don't understand that!!! I WILL NEVER GO BACK TO LL BEAN AGAIN!!!!!!! I hope they go outta business!!!!!!!

Like · Reply · 6d

· Feb 12

Replying to @LLBean

Kiddo's 1 year old coat zipper broke literally the day before the policy changed...store can't find the record under our names and said they can't look up through the credit card. She talked to me like I was a liar, and I cried in the car for 10 min. This was a ton of $ for us 😞



💬 1          ↻          ♡          ✉

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

· 12m                                      ⌄

Saved this thing for more than year and for
what??? A lady to tell me they can't replace my
moccasins that HAVE A TEAR IN THE SEAM.
@LLBean

**Guaranteed. You Have Our Word.®**

Our products are guaranteed to give 100% satisfaction
in every way.  Return anything purchased from us at any
time if it proves otherwise.  We do not want you to have
anything from L.L. Bean that is not completely satisfactory.

Ｑ            ♻ 1            ♡ 1            ✉

‹            Monday at 10:02 AM · 🌐            •••

Dear **L.L.Bean** it has been nice shopping with you all
these 35+ years.  I've enjoyed over paying for kids
clothing and spending lots on money (like lots!!) with
you annually to outfit all my kids and outdoor gear.
However now that you told me that my $170 kids
jacket purchased 2 months ago didn't hold up
because "something happened to it" when it was
clearly a inferior product that ripped without any signs
of damage/stress/abrasion or abuse, I'm calling you
out.

Oh and when I politely asked you to look at the jacket
because kids accidents don't happen on patterns that
follow the fabric weak point. (Ya know there is this
thing called physics and science.....) you then
shockingly reply to me that it must have been
something my 7 year old kid cut at school with an
exacto knife.....really Beans, really!!!!  Did you just
insult me and my child??  Check my E records, do
those $ metrics look like I'm a WT yard sale
returner???  Let me school you on fabrics, those are
two exactly similar right angle shapes that no way
resemble kiddo abuse....thats poor fabric failing. WTF

I say to you two words.   AMAZON PRIME!!   Been nice
knowing you Beans, I will spent my money elsewhere.
Sad!!!

CLASS ACTION COMPLAINT



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1

2   2/21/2018

3   Levie Y.

4   ■ Negative

5

6

7

8

9

10

11

12

13

14

15

16

17   2/18/2018

18   Mark S.

19   ■ Negative

20

21

22

23

24

25

26

27

28

**Review**

"Ll bean integrity has died" I bought a pair of boots from LL Bean. I hardly wore them and the soles literaally fell off. I called and they said they could mail them back and they would return them. more than a month later someone contacted me and said they couldn't find any record of my purchase and that they would not repair them. Even though they had an unconditional satisfaction guarantee when I bought them guarantee when I bought them, they tried to say that because they had decided to do away with that and said so in their newest catalog they didn't have to honor that. They then tried to tell me that it was actually 'ordinary wear and tear" the boots were hardly used, the soles were almost new! If this is representative of LL Beans standard of quality and integrity, I WILL NEVER DO BUISNESS WITH THEM AGAIN !!! and I would recommend to anyone considering buying Bean products that they shop somewhere else as well. I was a loyal LL Bean customer for over 40 years and I am sad to loose this option for quality products and company integrity has died.

Was this review helpful?  ○Yes  ○No

[1] person found this review helpful

**Review**

Disappointed and furious that LL Beans is retroactively applying their new return policy; this is simply dishonest. Recently hassled at MA store during a return and told that all returns would be evaluated on a case by case basis; even those purchased under previous 100% satisfaction guarentee and with receipt. What to go LL!

Was this review helpful?  ○Yes  ○No

[2] people found this review helpful

CLASS ACTION COMPLAINT



**L.L.Bean** ✓ We will be happy to accept a return of any item purchased from us within one year with proof of purchase that does not meet any of the special conditions of our guarantee. These can be viewed here: www.llbean.com/guarantee ^ec

Like · Reply · 1d

**Michelle Gullage** I attempted to return a jacket I purchased in 2016-17 with a DEFECTIVE zipper (this was confirmed by multiple store employees) and was told without a receipt I had nothing. I was told this by multiple employees in the Burlington VT store and the two calls I placed to customer service. One CS agent even said that she was sorry, that it was tough luck and she suggest I keep my receipts for further purchases. I am truly disappointed. I switched to Ll bean decades ago from a high profile outdoor retailer...purchased outdoor gear, clothing, jammies, etc for 10 years almost exclusively for a family of 4 and recommended LL bean to every family that entered my Outdoor Kindergarten class. It's disappointing and sad to say you stand behind defects but then not to back that up. I will never buy Bean again and will not recommend it as I once did....

Like · Reply · 2h

**Patrick J.** @pattyotool · 36s

. @LLBean Not real impressed with your new return policy. Your Mansfield, MA store wouldn't take these back despite the obvious defects.

CLASS ACTION COMPLAINT

22.     On April 5, 2018, nearly two months after L.L. Bean rescinded its 100% Guarantee and one day before L.L. Bean was required to respond to a lawsuit filed against it in the Northern District of Illinois for the repudiation of its 100% Satisfaction Guarantee, L.L. Bean modified its website to state, for the first time, "Please note that products purchased before February 9, 2018, are not subject to this one-year time limit." L.L. Bean then attached a printout of its newly modified website to the motion to dismiss it filed in that case,[6] but (1) failed to disclose that the modification was made just the preceding day; and (2) concealed the portion of the web page pertaining to the new "Special Conditions," which clearly still apply to purchases made before February 9, 2018. In other words, while L.L. Bean may now, in response to the *Bondi* litigation, be permitting returns for purchases made more than a year ago (a fact yet to be determined), such purchases still must meet various other new conditions that were not originally part of the bargain, including proof of purchase, no "excessive wear and tear" or "damage[] by misuse, abuse, improper care or negligence, or accidents (including pet damage)."

23.     L.L. Bean rescinded its 100% Satisfaction Guarantee for purchases made prior to February 9, 2018, has denied proper returns in retail outlets across the country on that basis, as with Plaintiff and many others, and has done all it can to attempt to obscure this conduct from the public.

24.     Plaintiff and the members of the Classes did not receive that which was promised and represented to them. Unbeknownst to Plaintiff and the other Class members, rather than purchasing products accompanied by a 100% Satisfaction Guarantee, they were purchasing products that would become subject to an exceptionally limited warranty, for which proof of purchase was required. Accordingly, because Plaintiff and the other Class members did not receive the benefit of the bargain, Plaintiff and the Class members overpaid for the products they purchased.

///

///

///

---

[6]     *See Bondi v. L.L. Bean, Inc.*, No. 18-CV-1101 (N.D. Ill.), ECF No. 18.

**CLASS ALLEGATIONS**

25.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of a class defined as follows (sometimes referred to as the "Nationwide Class"):

> All persons in the United States and its territories who purchased, other than for resale, products from L.L. Bean prior to February 9, 2018.

Excluded from the Nationwide Class are: (i) L.L. Bean and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Nationwide Class members that timely and validly request exclusion from the Nationwide Class; and (iii) the Judge presiding over this action.

26.     Alternatively, Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following subclass (sometimes referred to as the "California Subclass"):

> All persons in the State of California who purchased, other than for resale, products from L.L. Bean prior to February 9, 2018.

Excluded from the California Subclass are: (i) L.L. Bean and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all California Subclass members that timely and validly request exclusion from the California Subclass; and (iii) the Judge presiding over this action. The Nationwide Class and the California Subclass are sometimes collectively referred to herein as the "Classes."

27.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28.     The members of the Classes are so numerous that joinder of the members of the Classes would be impracticable. On information and belief, the Nationwide Class numbers in the tens of thousands while the California Subclass numbers in the thousands.

///

///

CLASS ACTION COMPLAINT

29.     Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individuals. Such common questions of law or fact include, *inter alia*:

A.     Whether L.L. Bean engaged in the conduct alleged;

B.     Whether L.L. Bean breached its contracts with Plaintiff and members of the Classes;

C.     Whether L.L. Bean's conduct violated the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750;

D.     Whether L.L. Bean's conduct violated the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200;

E.     Whether Plaintiff and members of the Classes have been damaged and, if so, the measure of such damages;

F.     Whether L.L. Bean unjustly retained a benefit conferred by Plaintiff and the members of the Classes;

G.     Whether Defendant's conduct violated the Magnuson-Moss Warranty Act; and

H.     Whether Plaintiff and members of the Classes are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, declaratory, and injunctive relief.

30.     Plaintiff's claims are typical of the claims of the Classes because, among other things, Plaintiff and the Classes were injured through the substantially uniform misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Classes.

31.     Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in complex commercial and class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

CLASS ACTION COMPLAINT

32.     A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because L.L. Bean has acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole. L.L. Bean has directed and continues to direct its conduct to all consumers in a uniform manner. Therefore, injunctive relief on a class-wide basis is necessary to remedy continuing harms to Plaintiff and the members of the Classes caused by L.L. Bean's continuing misconduct.

33.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiff and the members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against L.L. Bean, so it would be impracticable for members of the Classes to individually seek redress for L.L. Bean's wrongful conduct. Even if members of the Classes could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### COUNT I
**Breach of Contract**
**(On Behalf of the Nationwide Class)**

34.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35.     Each and every sale of an L.L. Bean product, until February 9, 2018, included the Guarantee and created a contract between L.L. Bean and the purchaser of the product, including Plaintiff.

36.     L.L. Bean breached these contracts by unilaterally rescinding the Guarantee promised to and bargained for by Plaintiff and its customers in exchange for money paid to L.L. Bean for each and every product purchased.

37.     As a direct and proximate result of L.L. Bean's breach of contract, Plaintiff and the Nationwide Class have been damaged in an amount to be proven at trial.

**COUNT II**
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

38.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

39.     L.L. Bean has been unjustly enriched to Plaintiff's and the Nationwide Class members' detriment as a result of L.L. Bean's unlawful and wrongful retention of money conferred by Plaintiff and the Nationwide Class members who were unaware that L.L. Bean would soon refuse to honor its longstanding Guarantee, such that L.L. Bean's retention of their money would be inequitable.

40.     L.L. Bean's unlawful and wrongful acts, including breaching its written and express warranties, as alleged above, enabled L.L. Bean to unlawfully receive monies it would not have otherwise obtained.

41.     Plaintiff and the Nationwide Class members have conferred benefits on L.L. Bean, which L.L. Bean has knowingly accepted and retained.

42.     L.L. Bean's retention of the benefits conferred by Plaintiff and the Nationwide Class members would be against fundamental principles of justice, equity, and good conscience.

43.     Plaintiff and the Nationwide Class members seek to disgorge L.L. Bean's unlawfully retained profits and other benefits resulting from its unlawful conduct, and seek restitution and rescission for the benefit of Plaintiff and the Nationwide Class members.

44.     Plaintiff and the Nationwide Class members are entitled to the imposition of a constructive trust upon L.L. Bean, such that its unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiff and the Nationwide Class members.

## COUNT III
### Violation of California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750
### (On Behalf of the California Subclass)

45.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

46.     L.L. Bean's products are goods within the meaning of California Civil Code section 1761(a).

47.     In the course of L.L. Bean's business, it deceived consumers by suddenly eliminating its Guarantee. L.L. Bean compounded the deception by continuing to tout its "100% Satisfaction Guarantee," and by continuously claiming that its products are "guaranteed to last."

48.     Defendant violated and continues to violate the CLRA by engaging in the following prohibited practices in transactions with Plaintiff and the other Class members which Defendant intended to result in, and did result in, the sale of L.L. Bean's products:

A.     Representing that their products have characteristics, ingredients, uses, benefits, or quantities which they do not have (Cal. Civ. Code § 1770(a)(5));

B.     Representing that their products are of a particular standard, quality, or grade when they are of another (Cal. Civ. Code § 1770(a)(7));

C.     Advertising their goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

D.     Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve or that are prohibited by law (Cal. Civ. Code § 1770(a)(14)); and

E.     Representing that their products have been supplied in accordance with a previous representation when they have not (Cal. Civ. Code § 1770(a)(16)).

49.     Defendant violated the CLRA by representing and failing to disclose material facts on its products' labeling and associated advertising, as described above, when it knew that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

50.     Pursuant to California Civil Code section 1782(d), Plaintiff, individually and on behalf of the other Class members, seeks a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

51.     Pursuant to California Civil Code section 1782, Plaintiff notified Defendant in writing by certified mail of the particular violations of California Civil Code section 1770 and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.

52.     Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above and to give notice to all affected consumers within 30 days of the date of written notice. Plaintiff therefore is entitled to, and hereby does seek, actual, punitive, and statutory damages for Defendant's violations of the CLRA. Defendant's conduct was knowing, fraudulent, wanton and malicious, thereby entitling Plaintiff and the members of the Class to whom this claim applies to punitive damages.

### COUNT IV
**Violation of California Consumer Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq.*
(On Behalf of the California Subclass)**

53.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

54.     The Unfair Competition Law, Business & Professions ("Bus. & Prof.") Code §§ 17200, *et seq.*, prohibits any unlawful, fraudulent, or unfair business act or practice and any false or misleading advertising.

55.     In the course of conducting business, Defendant committed unlawful business practices by, among other things, making misrepresentations (which also constitute advertising within the meaning of Bus. & Prof. Code sections 17200 and 17500) and omissions of material facts regarding its Guarantee in its advertising, marketing, and sale of its products, as set forth more fully herein. Defendant's deceptive conduct constitutes a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Defendant has also violated the Federal Trade Commission Act, 15 U.S.C. § 45.

56.     This conduct constitutes violations of the unlawful prong of Bus. & Prof. Code section 17200.

57.     In the course of conducting business, Defendant committed unfair business practices by, among other things, making the representations (which also constitute advertising within the meaning of Bus. & Prof. Code sections 17200 and 17500) and omissions of material facts regarding the Guarantee, as detailed above. There is no societal benefit from false advertising, only harm. Plaintiff and the other Class members paid for lower value products that were not what they purported to be. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false representations and omissions. As a result, Defendant's conduct is unfair, as it offended an established public policy. Further, Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

58.     Defendant's conduct violated consumer protection, unfair competition, and truth in advertising laws in California and other states, resulting in harm to consumers. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. This conduct violates the unlawful prong of Bus. & Prof. Code section 17200.

59.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

60.     In the course of conducting business, Defendant committed fraudulent business acts or practices by, among other things, making the representations (which also constitute advertising within the meaning of Bus. & Prof. Code sections 17200 and 17500) and omissions of material facts regarding the Guarantee in its marketing and advertisements, as detailed above.

61.     Plaintiff suffered injury in fact and lost money or property as a result of Defendant's conduct.

62.     Plaintiff relied on Defendant's material misrepresentations and omissions, which are described above. Plaintiff suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

63.     Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct in violation of Bus. & Prof. Code section 17200, entitling Plaintiff and the other Class members to injunctive relief. If Defendant continues to engage in the violations of Bus. & Prof. Code section 17200 described above, Plaintiff will likely be deceived in the future.

**<u>COUNT V</u>**
**Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.**
**(On behalf of the Nationwide Class)**

64.     Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

65.     Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

66.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)–(5).

67.     L.L. Bean sells "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

68.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer that is damaged by the failure of a warrantor to comply with a written warranty.

69.     Defendant's representations as described herein that Plaintiff and other Class members would be able to return merchandise for any reason at any time is a written warranty within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

70.     The Guarantee formed a basis of the bargain.

71.     Defendant failed to comply with the Guarantee as described herein. On February 9, 2018, L.L. Bean announced that it would refuse to honor the Guarantee.

72.     Defendant knew, or should have known, that its misrepresentations regarding the Guarantee were material and formed the basis of the bargain between Plaintiff and the Class and Defendant, yet it proceeded with its decision to renounce the Guarantee.

73.     Plaintiff and Class members were damaged as a result of Defendant's breach of its written warranty, and they were deprived of their benefit of the bargain.

**COUNT VI**
**Declaratory Relief**
**(On behalf of the Nationwide Class)**

74.     Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

75.     Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

76.     Defendant marketed, distributed, and sold its products with the Guarantee, as described herein.

77.     On February 9, 2018, L.L. Bean publicly announced that it was no longer honoring the Guarantee and was instead imposing a new limited warranty subject to numerous exceptions and qualifications.

78.     As a result of L.L. Bean's conduct, Plaintiff and the other Class members who purchased L.L. Bean products and the Guarantee are deprived of the benefit of the bargain. Accordingly, Plaintiff seeks entry of the following declarations: (1) L.L. Bean's February 9, 2018 announcement that it would no longer honor the Guarantee with no end date or questions asked constitutes a violation of the law and a breach of warranty; (2) L.L. Bean must continue to honor the warranty with no end date and no questions asked as to goods purchased prior to February 9, 2018; and (3) L.L. Bean must provide the best notice practicable under the circumstances designed to reach past and future L.L. Bean customers, and corrective advertising regarding the changes to its warranty, including a prominent one-page notification in its catalog for each edition distributed prior to February 9, 2019, and notification to each customer at the point of sale that products may be returned within one year for a refund, subject to special conditions, and, after one year, the item may be returned only if it is defective due to materials or craftsmanship, and that proof of purchase to honor the refund is required for any return.

///

///

///

CLASS ACTION COMPLAINT

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against defendant L.L. Bean as follows:

A. Certifying the Classes under Fed. R. Civ. P. 23;

B. Appointing Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel;

C. Awarding Plaintiff and the members of the Classes damages and/or equitable relief as appropriate;

D. Awarding Plaintiff and the Classes declaratory and injunctive relief;

E. Awarding Plaintiff and the members of the Classes restitution and disgorgement;

F. Imposing a constructive trust for the benefit of Plaintiff and the members of the Classes on the unjustly retained benefits conferred by Plaintiff and the other members of the Classes upon L.L. Bean;

G. Awarding Plaintiff and the Classes reasonable attorneys' fees, costs, and expenses; and

H. Granting such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, hereby requests a trial by jury on all claims so triable.

Dated: May 4, 2018                     Respectfully submitted,

                                       WOLF HALDENSTEIN ADLER
                                         FREEMAN & HERZ LLP

                              By:      _/s/ Rachele R. Rickert_
                                       RACHELE R. RICKERT

                                       RACHELE R. RICKERT
                                       MARISA C. LIVESAY
                                       BRITTANY N. DEJONG
                                       750 B Street, Suite 2770
                                       San Diego, CA 92101
                                       Telephone: 619/239-4599

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facsimile:  619/234-4599
rickert@whafh.com
livesay@whafh.com
dejong@whafh.com

JANINE POLLACK
MICHAEL M. LISKOW
CORREY A. KAMIN
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600 (p)
(212) 686-0114 (f)
pollack@whafh.com
liskow@whafh.com
kamin@whafh.com

BEN BARNOW
ERICH P. SCHORK
JEFFREY BLAKE
ANTHONY PARKHILL
BARNOW AND ASSOCIATES, P.C.
1 North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000 (p)
(312) 641-5504 (f)
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
j.blake@barnowlaw.com
aparkhill@barnowlaw.com

*Attorneys for Plaintiff*

LLBEAN: 24614