# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**WILLIAM A. SHIRLEY,**

Plaintiff,

vs.

**L.L. BEAN, INC.,**

Defendant.

CASE NO. 18-cv-02641-YGR

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

Re: Dkt. No. 67

Plaintiff William A. Shirley brings the instant class action complaint for breach of contract, unjust enrichment, violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750), violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), violation of the Magnuson Moss Warranty Act (15 U.S.C. § 2301), and for declaratory relief. Defendant L.L. Bean Inc. previously moved to dismiss the complaint, which motion the Court granted with leave to amend. Shirley filed his First Amended Complaint ("FAC") thereafter. (Dkt. No. 60.) Defendant has again moved to dismiss the complaint, urging that Shirley (i) has no standing and therefore the Court lacks jurisdiction and (ii) has failed to allege facts sufficient to state his claims. (Dkt. No. 67.)

Having carefully considered the pleadings and the arguments in support of and in opposition to the motion, and for the reasons set forth herein, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

## I. BACKGROUND

The FAC alleges that Shirley has been a customer of L.L. Bean since he was six years old and that he has seen many advertisements touting its "100% Satisfaction Guarantee" in catalogs and in stores. (*Id.* ¶ 8.) He alleges that he purchased numerous items from L.L. Bean by phone and on its website, and that he made a purchase as recently as November 2017. (*Id.*) He further alleges that he "paid more for L.L. Bean's products than he otherwise would have because of its 100% Satisfaction Guarantee and has used the Guarantee at times when items he purchased were unsatisfactory. (*Id.*)

Shirley alleges that, since 1912, defendant L.L. Bean has provided a "100% Satisfaction Guarantee," a commitment to "to exchange or replace items if a customer determined that the item was not "completely satisfactory." (FAC ¶ 1.)  Defendant's advertising stated:

> Our products are guaranteed to give 100% satisfaction in every way.  Return anything purchased from us at any time if it proves otherwise.  We do not want you to have anything from L.L. Bean that is not completely satisfactory.

(*Id.* ¶ 12.)  L.L. Bean's catalogs and other advertising described the guarantee as "100% Guarantee / No Fine Print / No Restrictions," "No Conditions [¶] No End Date," and "Guaranteed to Last." (*Id.* ¶ 18.)  One iteration included a weathered-looking, printed statement reading:

NOTICE
I DO NOT CONSIDER A SALE
COMPLETE UNTIL GOODS ARE
WORN OUT AND CUSTOMER
STILL SATISFIED.
L.L. BEAN, 1916

(*Id.*)  Shirley alleges that one of the things that made the 100% Satisfaction Guarantee valuable and unique was that it did not exclude wear and tear like a typical warranty, but instead promised customers that "if something's not . . . lasting as long as you think it should, we'll take it back." (*Id.* ¶ 27, Exh. A at LLBEAN(1)_0000031984.)

Nonetheless, from August 2014 to September 2017, the company made a number of revisions to its return policy,[1] including:

| August 2014 | • receipt required for returns of items missing labels or with labels marked with an "X"<br>• soiled or contaminated items not accepted for return<br>• items not purchased directly from the company not accepted for return<br>• requiring valid ID for returns without a receipt |
|---|---|
| January 2016 | • Adding the language: "we may either require a receipt or decline a return" in certain circumstances, including "the nature of prior transactions" |
| November 2016 | • Not accepting returns of "[i]tems lost or damaged due to fire, flood, or natural disaster" |
| September 2017 | • Not accepting returns of items lost or damaged due to accidents (including pet damage)<br>• Not accepting returns of "items returned for personal reasons unrelated to product satisfaction" |

---

[1] (*See id.*, Exh. A. LLBean(1)_0000031979-1984.)

Then, on February 9, 2018, L.L. Bean announced that it was changing its satisfaction guarantee and revising its return policy. The new satisfaction guarantee was limited to one year from the date of purchase (*Id.* ¶¶ 23, 24.) The updated return policy required proof of purchase for all returns. The return policy on L.L. Bean's website was changed to read:

> If you are not 100% satisfied with one of our products, you may return it within one year of purchase for a refund. After one year, we will consider any items for return that are defective due to materials or craftsmanship. We require proof of purchase to honor a refund or exchange. If you provide us your information when you check out, we will typically have a record of your purchase. Otherwise, we require a physical receipt.
>
> Please include your proof of purchase with the products you wish to return or exchange and bring it with you to any of our stores, or include it in your package of returned item(s). We will reimburse the original purchase price to either your original method of payment or as a merchandise credit.
>
> **Special Conditions**
> To protect all our customers and make sure that we handle every return or exchange with reasonable fairness, we cannot accept a return or exchange (even within one year of purchase) in certain situations, including:
> - Products damaged by misuse, abuse, improper care or negligence, or accidents (including pet damage)
> - Products showing excessive wear and tear
> - Products lost or damaged due to fire, flood, or natural disaster
> - Products with a missing label or label that has been defaced
> - Products returned for personal reasons unrelated to product performance or satisfaction
> - Products that have been soiled or contaminated, until they have been properly cleaned
> - Returns on ammunition either in our stores or through the mail
> - On rare occasions, past habitual abuse of our Return Policy

(*Id.* ¶ 24.) Shirley further alleges that L.L. Bean trained employees to go beyond those stated conditions and deny returns of any items it could not resell. (*Id.* ¶ 28.)

Based upon these changes, Shirley alleges that L.L. Bean "rescinded its 100% Satisfaction Guarantee for purchases made prior to February 9, 2018, [and] denied proper returns in retail outlets across the country on that basis." (*Id.* ¶ 33.) However, Shirley concedes that, on April 5, 2018, L.L. Bean modified the new satisfaction guarantee on its website to state that products purchased prior to February 9, 2018, would not be subject to the one-year limit. (*Id.* ¶ 32.)

Shirley nevertheless alleges that he did not receive the benefits of the bargain promised and overpaid for the products he purchased. (*Id.* ¶ 34.) Shirley thus brings claims on behalf of himself and "[a]ll persons in the United States and its territories who purchased, other than for resale, products from L.L. Bean prior to February 9, 2018," including a subclass of such persons in the State of California. (*Id.* ¶¶ 35, 36.)

## II.   APPLICABLE STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pleaded in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). While the plaintiff bears the burden to establish jurisdiction, on a facial challenge the court assumes the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *Id.*

## III.   DISCUSSION

Defendant moves to dismiss the FAC under Rule 12(b)(1) on the grounds that Shirley has not established standing. Article III of the United States Constitution provides that federal courts may only adjudicate "cases" and "controversies." U.S. Const. art. III, § 2. To establish standing under Article III, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* __U.S.__, 136 S.Ct. 1540, 1547 (2016), citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). Defendant contends that Shirley has not alleged a concrete injury. The Court agrees.

Shirley alleges that he was denied the benefit of the guarantee under which he purchased products in November 2017. However, as Shirley alleges, the new one-year limitation on the Satisfaction Guarantee does not apply to purchases, like Shirley's, made before February 9, 2018. The only "new" policies applicable to Shirley's alleged purchase would consist of any changes in the return policy. Exhibit A of the FAC details the timeline of changes in defendant's return

4

policy. Comparing those prior iterations of L.L. Bean's return policy to the one announced February 9, 2018, the only significant[2] differences between it and the policy in effect at the time of Shirley's purchase are that returns can be declined for damage caused by: "misuse, abuse, improper care, or negligence"[3] or "excessive wear and tear." While Shirley alleges that defendant trained employees to go beyond the policy in interpreting "excessive wear and tear," the document Shirley attaches as Exhibit K to the FAC states that "excessive wear and tear" is to be used when "misuse, abuse, improper care, or negligence" does not apply, but the product has been used so much that it is beyond its useful life and in a condition known as "destroy/trash." (FAC Exh. K.)

"'[W]here a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing.'" *Locke v. Warner Bros.*, 57 Cal. App. 4th 354, 363–64 (1997) quoting *Perdue v. Crocker National Bank*, 38 Cal.3d 913, 923 (1985). When the agreement concerns "matters of fancy, taste or judgment," while a subjective standard of honest satisfaction is applicable, the assertion of dissatisfaction nevertheless must be made *in good faith*. *Id*.; *see* 1 Witkin, SUMMARY OF CALIFORNIA LAW (11th Edition), Contracts § 807 (aa) (2018); Uniform Commercial Code § 1-304, ("[e]very contract or duty ... imposes an obligation of good faith in its performance and enforcement"); Restatement (Second) of Contracts § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."). Implicit in defendant's Satisfaction Guarantee—a promise to refund customers who are not satisfied with their products—is a reciprocal requirement that customers seek refunds under the guarantee in good faith. By their very terms, misuse, abuse, improper care, negligence and *excessive* wear and tear all signify that a customer's return is for reasons other than a good faith lack of satisfaction with the product. Logically then, the addition of these reasons to the return policy did not change

---

[2] Shirley also complains that the proof of purchase requirement is new. However, all the prior iterations of the return policy alleged permitted L.L. Bean to require proof of purchase. Making it a regular requirement is not a significant change.

[3] Arguably, "negligence" was not a new provision either. The prior iteration of the policy permitted defendant to decline a return where damage was due to "accidents." (FAC Exh. A at LLBean(1)_0000031984.)

United States District Court
Northern District of California

the Satisfaction Guarantee at all, and therefore did not lessen the value of the product he purchased. L.L. Bean was always entitled to ask for proof of purchase and always entitled to reject a refund request that was not made in good faith. Thus, Shirley does not allege facts to show that he was denied the benefit of his bargain or that he overpaid for an illusory or voidable promise.[4]

In sum, the FAC alleges that: (1) L.L. Bean extended the satisfaction guarantee for customers like Shirley, who purchased before the one-year limit was announced; (2) the current return policy differs from the one in effect at the time of his purchase only in the addition of types of damage outside the realm of good faith dissatisfaction. Shirley alleges no current, concrete injury. At best, Shirley alleges a hypothetical future harm that would arise if he attempts to return an item he purchased before February 2018, and L.L. Bean denies the return for reasons *other than* those in the current return policy. Such speculative injuries do not establish standing. *Schmier v. U.S. Court of Appeals for Ninth Cir.*, 279 F.3d 817, 821 (9th Cir. 2002) ("plaintiff must have sustained a 'concrete' injury, 'distinct and palpable . . . as opposed to merely abstract'" and that the "injury must have actually occurred or must occur imminently; hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus" (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Shirley has failed to establish Article III jurisdiction. The motion to dismiss on these grounds is **GRANTED WITHOUT LEAVE TO AMEND** and this action is **DISMISSED**.

This Order terminates Docket No. 67.

**IT IS SO ORDERED.**

Dated: March 14, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Shirley's citation to *Dubuisson v. Stonebridge Life Insurance Co.*, 887 F.3d 567 (2d Cir. 2018), where standing was established by plaintiff's payment of several years' insurance premiums on a policy terminated due to the insurer's failure to obtain regulatory approval, is unavailing. Shirley was not denied the benefit of a promise for which he paid consideration.